IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MICHAEL ANTHONY REESE,

    Petitioner,

vs.                 No. 05-2259-B/An

T.C. OUTLAW,

    Respondent.

---

ORDER DIRECTING PETITIONER TO FILE AN APPLICATION
TO PROCEED IN FORMA PAUPERIS OR PAY THE HABEAS FILING FEE
ORDER DENYING PETITION UNDER § 2241
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Petitioner Michael Anthony Reese, Bureau of Prisons inmate registration number 28382-018, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida. On March 30, 2005, United States District Judge Henry Lee Adams, Jr. entered an order transferring the petition to this district. Petitioner did not file a motion seeking leave to proceed in forma pauperis or pay the filing fee.

Petitioner is ORDERED to pay the $5 habeas filing fee or file a properly completed application to proceed in forma pauperis within twenty (20) days of the entry of this order. The Clerk is

directed to file the case without prepayment of the fee and to record the Respondent as T.C. Outlaw. The Clerk shall delete all references to the United States District Court for the Middle District of Florida and the United States Marshal Service as Respondents.

On February 3, 1999, a federal grand jury for the Middle District of Florida returned an indictment charging Reese with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Reese was tried and found guilty by a jury. At sentencing, the District Court determined that Reese's prior conviction for corruption by threat against a public servant was a "violent crime" pursuant to United States Sentencing Guidelines § 4B1.1 and sentenced him as a career offender to 262 months imprisonment, along with a ninety-six (96) month term of supervised release. United States v. Reese, 3:99-29-J-20 (M.D. Florida Mar. 2, 2000). Reese appealed and the Eleventh Circuit affirmed. United States v. Reese, 252 F.3d 439(11th Cir. Mar. 15, 2001)(see brief of United States found at 2000 WL 34026084).

Reese filed a motion to vacate in the United States District Court for the Middle District of Florida which was denied without an evidentiary hearing. United States v. Reese, No. 02-290-J-20 (M.D. Florida Apr. 25, 2002). He also filed an application for leave to file a second motion to vacate which was denied by the

2

Eleventh Circuit. <u>See</u> <u>United States v. Reese</u>, 3:99-29-J-20 (Doc. #79).

Reese contends in this petition that his conviction is unconstitutional and his judgment void because of the United States Supreme Court's decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Reese actually seeks to raise claims cognizable only under § 2255. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, <u>inter alia</u>, at 28 U.S.C. § 2244 et seq.)(AEDPA), amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one-year of the time his conviction is final. This amendment strengthened the existing provisions limiting federal prisoners to one collateral attack on a conviction. These reforms were intended to further protect the finality attached to federal criminal judgments and to reduce the workloads of the federal courts.

As another § 2255 motion is foreclosed by the AEDPA statute of limitations and successive petition limitations, Petitioner seeks to characterize this case as a habeas petition under 2241. The only reason for this characterization, however, is the need to avoid the limitations enacted by the AEDPA. This case clearly seeks to attack the validity of Petitioner's original sentence and

is in reality a motion under § 2255.  A series of unpublished opinions has relied on <u>Gray-Bey v. United States</u>, 209 F.3d 986, 990 (7th Cir. 2000), to conclude that § 2255 motions that are disguised as § 2241 petitions should not be transferred but dismissed.[1]

Generally, habeas corpus is available if "the issues raised more accurately challenged the execution of the sentence than its imposition."  <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 64, 78 (6th Cir. 1977).  On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence."  <u>Id.</u> at 77.  <u>Cf.</u> <u>United States v. Jalili</u>, 925 F.2d 889, 893 (6th Cir. 1991)("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply.").  It is clear from <u>Wright</u> and <u>Jalili</u>, however, that true attacks on the "execution" of a sentence relate to BOP decisions affecting the duration of the sentence and that such attacks accept, as a matter of course, the validity of the original underlying conviction and sentence.  Reese's petition does not challenge the execution of his sentence, but attacks its imposition.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28

---

[1]    <u>See, e.g.</u>, <u>In Re Walker</u>, No. 00-5262, 2000 WL 1517155 (6th Cir. Aug. 4, 2000).

U.S.C. § 2255.  <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (1999); <u>In re Hanserd</u>, 123 F.3d 922, 933 (6th Cir. 1997); <u>United v. Sarduy</u>, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35). <u>See also</u> <u>United States v. Cerna</u>, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[2] <u>United States v. Auman</u>, 8 F.3d 1268, 1271 (8th Cir. 1993); <u>Wood v. United States</u>, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[3] <u>Owens v. Benson</u>, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255).  <u>Cf.</u> <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting <u>per se</u> rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Habeas corpus will lie, however, if it "appears that the remedy by motion is inadequate or ineffective to test the legality

---

[2]    Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" <u>Norton v. Parke</u>, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[3]    See <u>supra</u> note 2.

of his detention."   28 U.S.C. § 2255.   This "savings clause"
operates as an additional exception to the successive motion limits
of the AEDPA and permits review by a habeas petition in an even
more narrow category of cases.

The movant has the burden of demonstrating that the savings
clause applies.  Charles, 180 F.3d at 756.  The § 2255 remedy is
not inadequate or ineffective, for example, merely because the
successive motion limits apply to bar consideration of a claim or
the motion is barred by the statute of limitations.  Charles, 180
F.3d at 756-58.  Rather, if the claim is of a type that was
cognizable under § 2255, the remedy is not inadequate or
ineffective, regardless of whether the movant can obtain a
substantive review on the merits in the present motion.  As
suggested by Gray-Bey, 209 F.3d at 990, in considering the scope of
collateral remedies remaining to federal prisoners after the AEDPA,
"§ 2255 ¶ 8 means . . . that prisoners today are never entitled to
multiple collateral attacks, so that their inability to obtain
another round of litigation cannot demonstrate that § 2255 as a
whole is 'inadequate or ineffective to test the legality of . . .
detention.'"

Federal law providing for collateral review of conviction and
sentence does not guarantee that every prisoner will obtain a
review on the merits of a constitutional claim, but that every
prisoner will at some point have the opportunity for such review.
See, e.g., Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

According to _Wofford_, the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' That does not mean that he took the shot . . . the Constitution requires [only] that the procedural opportunity existed." _Id._ (quoting _In Re Davenport_, 147 F.3d 605, 609 (7th Cir. 1998)).

_Wofford_ held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

_Wofford_, 177 F.3d at 1244.

Reese cannot demonstrate that _Booker_, _Blakely_, and _Apprendi_ have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision." _Goode v. United States_, 305 F.3d 378, 383 (6th Cir. 2002); _see_ _Schriro v. Summerlin_, 542 U.S. 348, 351-58 (2004) (holding that decision in _Ring v. Arizona_, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty and that the Sixth Amendment requires that those

7

circumstances be found by a jury, does not apply retroactively to
cases on collateral review); <u>Teague v. Lane</u>, 489 U.S. 288
(1989)(using a three step analysis with two exceptions to determine
whether a rule of criminal procedure applies to cases on collateral
review).

<u>Apprendi</u>, the oldest of the three cases cited by the
Petitioner has never been made retroactively applicable to cases on
collateral review. <u>Goode v. United States</u>, No. 01-1340, 2002 WL
987905 (6th Cir. May 10, 2002); <u>see also</u> <u>Oleson v. United States</u>,
No. 00-1938, 2001 WL 1631828, at *3-*4 (6th Cir. Dec. 14, 2001)
(district court did not abuse its discretion in denying a motion to
amend a § 2255 motion to assert an <u>Apprendi</u> claim because amendment
would have been futile); <u>Snyder v. United States</u>, No. 01-1258, 2001
WL 1298954, at *2 (6th Cir. Aug. 7, 2001) (upholding dismissal of
§ 2255 motion because, <u>inter alia</u>, "<u>Apprendi</u> may not be applied
retroactively"); <u>Jones v. United States</u>, No. 00-5280, 2001 WL
92114, at *2 (6th Cir. Jan. 25, 2001) (directing the district court
to "determine whether <u>Apprendi</u> may be retroactively applied to this
case under <u>Teague v. Lane</u>"); <u>United States v. Murray</u>, No. 98-1537,
2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001) (recalling
mandate to permit application of <u>Apprendi</u> to case in which
certiorari had recently been denied; noting that, with respect to
those "defendants whose convictions became final before <u>Apprendi</u>
was handed down, the new rule would not be retroactively
applicable" and that this action "involves a tiny subset of

8

situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); see also In re Clemmons, 259 F.3d 489 (6th Cir. 2001) (holding, on the basis of Tyler v. Cain, 533 U.S. 656 (2001), that Apprendi has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form the basis for a second or successive § 2255 motion); White v. Lamanna, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May 3, 2002) (applying Tyler and Clemmons to deny consideration of an Apprendi issue raised in a petition pursuant to 28 U.S.C. § 2241); Perkins v. Thomas, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001) (same).[4]  Thus, Apprendi fails to provide Reese with any basis for relief.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court determined that its holding in Blakely applies to the United States Sentencing Guidelines.  Booker, 543 U.S. 242-244.  The Court also expressly stated that its holding must be applied to all cases on direct review.  Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases

---

[4]    These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to Apprendi.  See Hamm v. United States, 269 F.3d 1247 (11th Cir. 2001); Dukes v. United States, 255 F.3d 912 (8th Cir. 2001); United States v. Moss, 252 F.3d 993, 996-1001 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001); Jones v. Smith, 231 F.3d 1227, 1236-38 (9th Cir. 2000); cf. United States v. Smith, 241 F.3d 546 (7th Cir. 2001) (declining to decide whether Apprendi is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

. . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

Applying these standards, the Sixth Circuit has held that Booker issues cannot be raised initially in a motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). These recent decisions fail to provide Reese with any basis for relief.

Reese's claim of actual innocence is specious. Actual innocence requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986). Accordingly, Reese is not entitled to relief under § 2241 on his claim.

Because Reese is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DENIED and DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of

appealability.   Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997).   Section 2253 does not apply to habeas petitions by federal prisoners under § 2241.   McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).   Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.   Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.   Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997).   Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions.   See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).   An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district.   Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515

11

(6th Cir. Dec. 8, 1997), <u>aff'q</u>, <u>Graham v. United States</u>, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of <u>McIntosh</u> persuasive, and finds that this conclusion naturally follows from the Sixth Circuit's decision in <u>Kincade</u>, the Court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to <u>Kincade</u>, a petitioner must seek leave to proceed <u>in forma pauperis</u> from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u>  It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also

12

compel the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 3rd day of May, 2007.

s/ J.DANIEL BREEN
UNITED STATES DISTRICT JUDGE

13